<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

IVELISE S.,

          Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

Civil Action No. 24-9381 (MAS)

**MEMORANDUM OPINION**

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Plaintiff Ivelise S.'s ("Plaintiff")[1] appeal of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

**I.**     <u>**BACKGROUND**</u>

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

## A.    Procedural Background

On December 8, 2021, Plaintiff filed an application for DIB, alleging disability beginning January 8, 2021. (AR 11, ECF No. 4.[2]) Plaintiff's claim was denied both initially and upon reconsideration. (*Id.* at 11, 104, 113-17.) Thereafter, Plaintiff filed a written request for a hearing before an ALJ. (*Id.* at 11.) On July 11, 2023, the ALJ held a telephone hearing with the parties and an impartial vocational expert. (*See id.* at 11, 62-93.) On October 26, 2023, the ALJ issued a decision denying Plaintiff's DIB application, finding that Plaintiff was not disabled under the Act. (*Id.* at 11-30.) Plaintiff appealed that decision, and the Social Security Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-4.) On September 24, 2024, Plaintiff filed an appeal to this Court (*see generally* Compl., ECF No. 1), and on December 26, 2024, submitted her moving brief. (Pl.'s Moving Br., ECF No. 5.) The Commissioner filed an opposition brief (Def.'s Opp'n Br., ECF No. 7), and Plaintiff replied (Pl.'s Reply Br., ECF No. 8).

## B.    The ALJ's Decision

In her written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations during the relevant period. (AR 30.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 12-13.) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through March 31, 2026." (*Id.* at 13.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since January 8, 2021, the alleged onset date." (*Id.* at 14.)

---

[2] The Administrative Record ("AR") is located at ECF No. 4. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

At step two, the ALJ found that Plaintiff had four severe impairments during the relevant period: (1) anxiety; (2) depression; (3) fibromyalgia; and (4) spinal disorder. (*Id.*) The ALJ also found that Plaintiff's vision issues were non-severe because of a lack of supporting medical records and that Plaintiff's pulmonary issues were non-severe based on "unremarkable findings." (*Id.* at 14-15.)

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that met or medically equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (*Id.* at 15-19.) The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C[.]F[.]R[.] [§] 404.1567(b) except occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally stoop, crouch, kneel, and crawl; only frequent handling/fingering/feeling with the upper extremities bilaterally; avoid concentrated exposure to: extreme heat or cold, wetness or humidity, driving vehicles, unprotected heights, and moving machinery; only occasional interaction with supervisors, the general public and with co-workers, no work involving shared tasks with co[-]workers; work in a low stress job, defined as having only occasional decision making and only occasional changes in the work setting; and can understand, remember, and carry out detailed but uninvolved written or oral instructions but no assembly line work or work that requires hourly quotas, and this work should be as self-paced as possible, meaning any production requirements can be accomplished by the end of the workday or shift.

(*Id.* at 19-20.)

At step four, the ALJ concluded that Plaintiff was "unable to perform any past relevant work." (*Id.* at 27 (citing 20 C.F.R. §404.1565).) The ALJ considered that Plaintiff was 45 years old on the alleged disability onset date, which is defined as a "younger individual" (18-49) and that she has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not material . . . because using the Medical-Vocational Rules as a framework supports a

finding that [Plaintiff] is 'not disabled,' whether or not [she] has transferable job skills." (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.*) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC would have been "able to perform the requirements of representative light occupations," such as housekeeper, office helper, and price marker. (*Id.* at 27-28.)

At step five, the ALJ concluded that Plaintiff was not under a disability, as defined in the Act, from January 8, 2021 (the alleged onset date) through the date of the ALJ's decision for the purposes of Plaintiff's DIB. (*Id.* at 30.)

## II.    <u>LEGAL STANDARD</u>

### A.    **Standard of Review**

When considering an appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence,

the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotations omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the court must undertake a qualitative review and a thorough examination of the ALJ's decision and the record:

> [The substantial evidence standard] is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion. The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). If the ALJ has not analyzed all probative evidence and has not sufficiently explained the weight given to the evidence, the decision is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal citations omitted) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). The ALJ must state both the evidence considered

as well as the evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.").

On appeal, Plaintiff bears the burden "of showing not merely that the Commissioner erred, but also that the error was harmful." *Romero v. Comm'r of Soc. Sec.*, No. 18-16806, 2020 WL 2301444, at *2 (D.N.J. May 8, 2020). "[W]hen appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful." *Id.*

### B.    Establishing Eligibility for DIB

To be eligible for DIB under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish

that he has not engaged in any substantial gainful activity since the onset of h[er] alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.*; SSR 96-8p, 61 Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits her to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. 20 C.F.R. § 404.1520(g).

III.    **DISCUSSION**

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence. (Pl.'s Moving Br. 22-25.) Specifically, Plaintiff contends that the ALJ: (1) failed to follow SSR 12-2p for establishing fibromyalgia; and (2) erred by not considering all of Plaintiff's impairments in combination with one another. (*See generally id.*) The Court addresses each argument in turn.

A.    **Fibromyalgia**

Plaintiff argues that the ALJ did not properly evaluate Plaintiff's fibromyalgia for two reasons: (1) the ALJ only considered tender points, which is one of two different sets of criteria for establishing fibromyalgia; and (2) the ALJ improperly relied exclusively on objective evidence. (*Id.* at 22-24.) The Court addresses each argument in turn.

*1.    Tender Points*

Plaintiff argues that the ALJ's findings concerning Plaintiff's fibromyalgia are unreasonable because "the fact that [Plaintiff] did not have [eleven] out of [eighteen] tender points does not cause question on the severity of [Plaintiff's] fibromyalgia symptoms." (*Id.* at 22.) Rather, Plaintiff argues, "SSR 12-2p sets out [two] different sets of criteria for establishing fibromyalgia [,] one with tender points and one without." (*Id.*)

"At step two, an ALJ is required to determine[:] (1) whether an impairment is medically determinable[;] and if so (2) whether that medically determinable impairment is severe or non-severe." *Robert E. v. Comm'r of Soc. Sec.*, No. 20-6882, 2021 WL 5277193, at *6 (D.N.J. Nov. 12, 2021). "Determining whether a claimant's alleged fibromyalgia is a medically determinable impairment presents a special challenge" because it is difficult to diagnose: "[i]ts cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Roldan v. Kijakazi*, No. 21-621, 2023 WL 2567988, at *10

8

(M.D. Pa. Feb. 28, 2023) (internal quotation marks omitted), *R&R adopted*, No. 21-621, 2023 WL 2563080 (M.D. Pa. Mar. 17, 2023). Recognizing this difficulty, the Commissioner issued SSR 12-2p to "provide[] guidance on how [the agency] develop[s] evidence to establish that a person has a medically determinable impairment . . . of fibromyalgia." SSR 12-2p. One way to establish fibromyalgia as a medically determinable impairment is for "the claimant [to] demonstrate a history of widespread pain, at least [eleven] positive tender points on physical examination, and evidence that other disorders that could cause the symptoms or signs were excluded." *Linke v. Berryhill*, No. 17-937, 2018 WL 3574912, at *2 n.5 (W.D. Pa. July 25, 2018). "In the alternative, the claimant [can] demonstrate a history of widespread pain, repeated manifestations of six or more fibromyalgia symptoms, and evidence that other disorders that could cause these symptoms were excluded." *Id.* (citing SSR 12-2p).

Here, the ALJ explicitly cited to SSR 12-2p and found that Plaintiff's medical record "d[id] not show at least [eleven] tender points on physical examination." (AR 25.) The ALJ did not specifically set forth whether Plaintiff had six or more fibromyalgia symptoms, but the ALJ did find, as a precautionary measure, that Plaintiff had severe fibromyalgia and continued to the remaining steps of the sequential evaluation process. (*Id.*) While failing to set forth Plaintiff's fibromyalgia problems specifically may have been error, "[i]t is well established that any omission of an impairment at [s]tep [t]wo is harmless error, provided that the ALJ determines that the claimant has at least one severe impairment and continues onto the subsequent steps of the sequential analysis." *Vanessa T-H. v. Comm'r of Soc. Sec.*, No. 23-2293, 2024 WL 1635685, at *4 (D.N.J. Apr. 16, 2024) (citing *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (2007)). Indeed, any such omission is harmless "when the ALJ does not deny benefits at that step and properly considers the condition in the remaining analysis." *See Edinger v. Comm'r*, 432 F. Supp.

3d 516, 531 (E.D. Pa. 2020) (quoting *Rutherford*, 399 F.3d at 552-53). Not only did the ALJ continue with the subsequent steps of the evaluation, but the ALJ found that Plaintiff's fibromyalgia was, in fact, severe. (AR 25.) Plaintiff's contention that the ALJ's fibromyalgia analysis is unreasonable because he only specifically evaluated tender points is therefore an insufficient basis for remand.

### 2.    *Objective Evidence*

Plaintiff also argues that the ALJ improperly relied on a lack of objective evidence of fibromyalgia and "failed to adequately explain how she factored [Plaintiff's] pain and fatigue from her fibromyalgia in her RFC." (Pl.'s Moving Br. 23-24.)

Under SSR 12-2p, once it is established that fibromyalgia is a medically determinable impairment, the ALJ must "evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." SSR 12-2p. "If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, [the ALJ must] consider all of the evidence in the case record" and "make a finding about the credibility of the person's statements regarding the effects of . . . her symptoms on functioning." *Id.*

Here, Plaintiff's claim for DIB is not based solely on fibromyalgia—the ALJ also found that Plaintiff suffered from anxiety, depression, and spinal disorder. (AR 14.) "In light of these diagnoses, it was quite appropriate for the ALJ to consider the objective medical evidence of record." *Trauterman v. Comm'r of Soc. Sec.*, 296 F. App'x 218, 220 (3d Cir. 2008) (finding that it was appropriate for the ALJ to consider objective evidence where the plaintiff not only suffered from fibromyalgia, but also cervical spine disc herniation, lumbar spine degenerative joint disease, and carpal tunnel syndrome); *see also Ilaria G. v. Colvin*, No. 22-1366, 2024 WL 5244864, at *20

10

(D.N.J. Dec. 30, 2024) (noting that "the ALJ properly considered the objective evidence relating to Plaintiff's degenerative disc disease of the cervical and lumbar spines as well as fibromyalgia").

Moreover, the ALJ did explicitly consider Plaintiff's hearing testimony that "[s]he has constant pain and is on medication." (AR 20.) "Even in fibromyalgia cases, the ALJ must compare the objective evidence and the subjective complaints and is permitted to reject plaintiff's subjective testimony so long as [the ALJ] provides a sufficient explanation for doing so. *Nocks v. Astrue*, 626 F. Supp. 2d 431, 446 (D. Del. 2009) (citations omitted). Here, the ALJ concluded that "the claimant's symptoms concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record" (AR 20-21) and provided the basis in the evidentiary record for these findings (*id.* at 21-27). Specifically, after laying out Plaintiff's medical record, the ALJ found that Plaintiff "has had pain that restricts her functioning," but "exams have often been unremarkable at times." (*Id.* at 25.) The Court finds that the ALJ sufficiently supported his reasons for discounting Plaintiff's testimony. *See Burns v. Barnhart*, 312 F.3d 113, 129-130 (3d Cir. 2002) (finding that substantial evidence supported the ALJ's decision where the ALJ considered parts of the plaintiff's testimony but found them inconsistent with other parts of the medical record).

Plaintiff's contention that the ALJ's fibromyalgia analysis is unreasonable because he considered objective evidence is therefore an insufficient basis for remand.

**B.    Combination of Impairments**

Plaintiff argues that the ALJ did not provide enough reasoning as to why she found that Plaintiff's impairments in combination were not considered disabling at step three of the evaluation process. (Pl.'s Moving Br. 24-25.)

The ALJ's opinion must be "read as a whole" to understand the factors considered in the decision. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). At step three, ALJs typically must provide "some discussion" of their determination, although they "need not 'use particular language or adhere to a particular format in conducting [their] analysis,' as long as 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 813-14 (3d Cir. 2016) (citing *Jones*, 364 F.3d at 505). And should the Court find the ALJ's step-three analysis deficient as to certain impairments, the plaintiff must provide reasons as to why he "might have prevailed at step three if the ALJ's analysis had been more thorough." *Id.* at 814.

Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. (AR 15; *see also id.* at 16 ("The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06.").) When considering Plaintiff's impairments, the ALJ discussed the criteria of each relevant listing, 1.15, 1.16, 11.14, 12.04, 12.06, and SR 12-2p. (*Id.* at 15-16.) After applying the evidence to said listings, the ALJ engaged in a full analysis of Plaintiff's impairments, symptoms, and medical history and determined that the evidence was insufficient to meet the criteria of any listing. (*Id.* at 15-19.) The ALJ also noted that "no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairment(s) medically equal a listed impairment." (*Id.*)

Where, as here, the "ALJ explicitly considered Plaintiff's impairments 'singly and in combination,'. . . there is 'no reason not to believe' that the ALJ did so." *Ward v. O'Malley*, No. 18-13675, 2024 WL 1048078, at *6 (D.N.J. Mar. 11, 2024) (quoting *Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008)). The Court finds, therefore, that the

ALJ's finding that Plaintiff's combination of impairments did not meet or medically equal the severity of the listed impairments was supported by substantial evidence. In any event, Plaintiff does not provide reasons why she might have otherwise prevailed at step three, but rather generally laments the ALJ's supposed failure to consider her impairments in combination. (*See* Pl.'s Moving Br. 24-25); *see also Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) ("Whether or not the ALJ's analysis of these impairments was sufficiently thorough, [plaintiff] offers no explanation of how further analysis could have affected the outcome of his disability claim. Even if we found a portion of the ALJ's step-three analysis to be deficient, we would have no reason to conclude that the deficiency in analysis was harmful to [plaintiff]'s claim"). The Court, accordingly, finds this argument an insufficient basis for reversal or remand.

## IV.    **CONCLUSION**

For the foregoing reasons, the Court affirms the Commissioner's final decision. The Court will issue an order consistent with this Memorandum Opinion.

Dated: September 25, 2025

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE